IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
SALISBURY DIVISION

| | |
|---|---|
| KIA MOTORS CORPORATION, a foreign corporation, <br><br> and <br><br> KIA MOTORS AMERICA, INC., a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> PREMIERE MOTORING CONCEPTS, L.L.C., a North Carolina corporation; DISTRIBUTION MAXIMUM AUTO DESIGN, INC., a foreign corporation; TECHNION MOTORS CO., LTD., a foreign business entity, form unknown, and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No: 1:08-CV-802 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs KIA MOTORS CORPORATION ("KMC") and KIA MOTORS AMERICA, INC. ("KMA") (collectively "Plaintiffs" or "KIA") seek injunctive and monetary relief from Defendant PREMIERE MOTORING CONCEPTS, L.L.C. ("Premiere"), Defendant DISTRIBUTION MAXIMUM AUTO DESIGN, INC. ("Max Auto"), Defendant TECHNION MOTORS CO., LTD. ("Technion") and Defendants DOES 1-10, inclusive (collectively "Defendants") for trademark infringement, false designation of origin, trademark dilution, and unfair competition with regard to Plaintiffs' famous KIA MARKS (as hereinafter defined). Plaintiffs make the following claims against Defendants:

## NATURE OF ACTION

1. This is an action for damages and injunctive relief for (i) trademark infringement under Sections 32, 34, and 35 of the Lanham Act, 15 U.S.C. §§1114, 1116 and 1117; (ii) false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); (iii)

trademark dilution in violation of Section 43(c) of the Lanham Act. 15 U.S.C. §1125(c); (iv) declaratory relief; and (v) related claims arising under North Carolina law.

## THE PARTIES

2.  Plaintiff KIA MOTORS CORPORATION ("KMC," or collectively with KMA, "Plaintiffs") is a corporation duly organized and existing under the laws of the Republic of Korea. KMC is the owner and licensor to its wholly-owned subsidiary KMA of the trademarks, trade names, trade dress and designation of origin "Kia" whether used alone or in conjunction with other words or marks.

3.  Plaintiff KIA MOTORS AMERICA, INC. ("KMA" or, collectively with KMC, "Plaintiffs") is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located in Irvine, California. KMA has been granted by KMC the exclusive license to distribute goods and services in North America in association or in connection with the trademarks, trade names and trade dress of KMC. KMA is the legal representative of KMC in the United States and has the right to enforce the KIA MARKS and sub-license those rights to dealers, distributors and others. KMA has an economic interest in the trademarks, trade names, trade dress and designation of origin "Kia" whether used alone or in conjunction with other words or marks.

4.  Upon information and belief, PREMIERE MOTORING CONCEPTS, L.L.C. (hereinafter "Premiere," and, together with Defendants Max Auto, Technion and the Doe Defendants, hereinafter referred to as "Defendants") is a corporation duly organized and existing under the laws of the State of North Carolina with its principal place of business in Harrisburg, North Carolina. Premiere may be served through its registered agent, Mr. Charles Kaufman, at 2240 Highway 49 North, Harrisburg, North Carolina, 28075. Plaintiffs are informed and believed and based thereon allege that Premiere's wrongful actions giving rise to Plaintiffs' claims occurred within the jurisdiction of this Court.

5.  Upon information and belief, DISTRIBUTION MAXIMUM AUTO DESIGN, INC. (hereinafter "Max Auto," and, together with Defendants Premiere, Technion and the Doe

Defendants, hereinafter referred to as "Defendants") is a corporation duly organized and existing under the laws of Canada with its principal place of business in Lachine, Quebec, Canada. Max Auto may be served at 1576 Claire Crois, Lachine, Qc, H8S 4E6. Plaintiffs are informed and believe and thereon allege that Max Auto is and has been doing a significant portion of its business in the State of North Carolina albeit without properly registering as foreign corporation qualified to do business in North Carolina. Plaintiffs are informed and believed and based thereon allege that Max Auto's wrongful actions giving rise to Plaintiffs' claims occurred within the jurisdiction of this Court.

6. Upon information and belief, TECHNION MOTORS, CO., LTD (hereinafter "Technion," and, together with Defendants Premiere, Max Auto and the Doe Defendants, hereinafter referred to as "Defendants") is a Republic of Korea business entity of unknown form with its principal place of business in Ilsan, Goyang City, Kyunggi Do, South Korea. Technion may be served through its Chief Executive Officer, Mr. Luke Chung, at #928, Technotown, 1141-1 Backsuck, Ilsan, Goyang City, Kyunggi Do, South Korea. Plaintiffs are informed and believe and thereon allege that Technion is and has been doing a significant portion of its business in the State of North Carolina albeit without properly qualifying to do business in North Carolina. Plaintiffs are informed and believed and based thereon allege that Technion's wrongful actions giving rise to Plaintiffs' claims occurred within the jurisdiction of this Court.

7. Plaintiffs are presently unaware of the true names and identities of defendants "DOES 1-10" herein, but are informed and believe that persons and entities in addition to the specifically-named Defendants herein are legally liable for matters alleged in this Complaint. Plaintiffs will amend or seek leave to amend this Complaint as appropriate to add additional specific defendants upon determining the true names and identities of the "DOE" defendants.

8. Plaintiffs are informed and believe, and on that basis allege, that during all times mentioned herein, each of the Defendants was the duly authorized agent, servant or representative of each other Defendant and was acting at all times both on its own behalf and on

- 3 -

Case 1:08-cv-00802-JAB-PTS   Document 1   Filed 10/31/08   Page 3 of 14

behalf and within the course and scope of its agency or representative capacity, with the knowledge and consent of the other Defendant(s).

## JURISDICTION & VENUE

9. Jurisdiction of this action is premised upon 15 U.S.C. §1021 and 28 U.S.C. §§1331, 1332(a)(1), 1338(a) and 1338(b).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), inasmuch as, upon information and belief, a substantial part of the acts, events, and omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. KMA sells throughout the United States automobiles, automotive parts, accessories and related services under the Kia trademarks described below in paragraphs 12 and 14-15, inclusive, hereof (collectively hereinafter referred to as the "KIA MARKS").

12. Plaintiff KMC is the owner, and Plaintiff KMA is the exclusive licensee from and the legal representative of Plaintiff KMC, of the following trademarks used in the United States in association or connection with the promotion, distribution, sale and service of Kia products and services, as set forth in the following U.S. trademark registrations:

    (a)     KIA Design Logo (Registration No. 2351320);

    (b)     KIA (Registration No. 1723608);

    (c)     KIA Design Logo (Registration No. 1955539); and

    (d)     KIA Motors and Design Logo (Registration No. 3100056)

13. All of the above federal registrations are in full force and effect and are in good standing.

14. Independent of the foregoing registrations, Plaintiffs own and hold state common-law rights in the KIA MARKS in each state in the United States, including without limitation in North Carolina, as well as Federal common-law trademarks.

15. The names "Kia" and "Kia Motors Corp."; the model names "Amanti," "Optima," "Rio," "Rondo," "Sedona," "Sephia," "Sorento," "Spectra" and "Sportage"; and the

description "Kia Motors Genuine Parts" have all been used in commerce continuously in the United States by Plaintiffs prior to the usage of the same or similar mark and designation of origin by Defendants or any of them.

16. Plaintiffs exercise great care in selecting licensed dealerships. Substantial monies and efforts are expended by Plaintiffs to control the nature and quality of the goods and services in connection with which such dealers may employ the KIA MARKS.

17. For many years, large sums of money have been expended in the United States to advertise KIA products and related services. Plaintiffs and authorized KIA dealers have spent many millions of dollars in advertising their products and services under the KIA MARKS. Because of these efforts, the KIA MARKS and products have developed substantial good will in the United States.

18. These substantial expenditures of effort have resulted in a reputation for exceptionally high quality standards. Plaintiffs have developed marketing strategies and have designed packaging, promotional materials and specific products for the market in the United States. Plaintiffs have also expended significant time, money and effort in ensuring that the authorized KIA products comply with state and federal laws in the United States.

## DEFENDANTS' UNLAWFUL ACTS

19. Commencing after Plaintiffs' use of the KIA MARKS, and without authorization, Defendants, and each of them, used in commerce reproductions, counterfeits, copies and/or colorable imitations of the KIA MARKS in connection with the sale, offering for sale and/or advertising of automotive parts. Defendants' acts, individually, jointly and in concert, are likely to cause confusion, to cause mistake and to deceive.

20. Defendants, and each of them, have and continue to use the KIA MARKS in such a fashion as to intentionally create a false impression among the consuming public that Defendants' goods originate from Plaintiffs or are sponsored, approved by, managed and/or affiliated with Plaintiffs. Defendants and each of them have *inter alia* reproduced, counterfeited, copied or colorably imitated Plaintiffs' rights in the common-law and registered KIA MARKS

and have applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive. The goods sold by Defendants differ materially from Plaintiffs' goods and do not originate with, are not sponsored by and are not distributed by Plaintiffs in the United States.

21. The foregoing acts of Defendants and each of them were and are likely and intended to cause confusion and mistake among the public, customers, prospective customers, creditors, suppliers and others and to deceive them as to, *inter alia*, (i) the affiliation, connection, and association of Defendants and each of them with Plaintiffs, (ii) the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiffs, and (iii) the nature, characteristics, and quality of Defendants' goods, services or commercial activities; all of which was and is for the purpose of enhancing the commercial value of, or selling or soliciting sales of, Defendants' products, goods or services.

22. By reason of the foregoing, Plaintiffs have suffered and will continue to suffer damage to their property, business, reputation, and goodwill, have suffered and will continue to suffer dilution of the distinctive quality of the KIA MARKS, and have lost and will continue to lose income and profits that Plaintiffs would have earned but for the foregoing acts of Defendants and each of them.

23. The acts of Defendants alleged herein were knowing, intentional, willful and extraordinary.

24. Plaintiffs' remedy at law is inadequate to compensate Plaintiffs fully for their injuries. Defendants and each of them are continuing the foregoing activities and, unless enjoined, will continue to do so, all to Plaintiffs' irreparable damage. It would be extremely difficult or impossible to estimate the amount of compensation which would afford Plaintiffs complete relief for such continuing acts. A multiplicity of judicial proceedings would be required in the absence of appropriate interim and permanent injunctive relief.

## FIRST CAUSE OF ACTION FOR TRADEMARK INFRINGEMENT
## (15 U.S.C. §§1114, 1116 and 1117)
### Against All Defendants

25. Plaintiffs incorporate all previous allegations by reference as though fully set forth herein.

26. This cause of action arises under §§ 32, 34 and 35 of the Lanham Act (15 U.S.C. §§1114, 1116 and 1117).

27. Defendants' use and threatened continued use in interstate commerce of marks which are identical or nearly identical to the common-law rights and federally registered KIA MARKS constitutes use of a reproduction, counterfeit, copy or colorable imitation of the registered marks in connection with the sale, offering for sale, distribution, and advertising of goods in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

28. The activities of Defendants and each of them are in violation of §§ 32, 34 and 35 of the Lanham Act (15 U.S.C. §§1114, 1116 and 1117).

29. As a direct and proximate result of Defendants' illegal activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

30. Plaintiffs have no adequate remedy at law.

31. The infringement of the KIA MARKS by each of the Defendants is deliberate, willful and without any extenuating circumstances, and constitutes a knowing use of the KIA MARKS and an exceptional case within the meaning of the Lanham Act § 35, 15 U.S.C. § 1117. Plaintiffs are therefore entitled to recover three times the amount of their actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest from Defendants and each of them, individually, jointly and severally.

## SECOND CAUSE OF ACTION
## FALSE DESIGNATION OF
## ORIGIN (15 U.S.C. §1125(a))
### Against All Defendants

32. Plaintiffs incorporate all previous allegations by reference as though fully set forth herein.

33. This cause of action arises under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

34. The use and threatened continued use by Defendants and each of them in connection with selling, offering for sale, advertising, marketing, promoting and packaging Defendants' goods of the KIA MARKS and/or marks which are identical or nearly identical to the KIA MARKS and trade names, trade dress, wrappers, packaging and words, terms, names, symbols, and/or devices that suggest that Defendants' goods originated with, were manufactured by or are sponsored by Plaintiffs constitutes a false designation of origin and a false description and representation of Defendants' business and products. Defendants' acts and each of them are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants or any of them with Plaintiffs, or as to the origin, sponsorship or approval of Defendants' goods, services or commercial activities by Plaintiffs. The aforesaid wrongful acts of Defendants and each of them constitute the use of a false designation of origin and false description or representation

35. The activities of Defendants and each of them are in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

36. As a direct and proximate result of the illegal activities of Defendants and each of them, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

37. Plaintiffs have no adequate remedy at law.

38. Defendants' use of the KIA MARKS, whether individually, jointly or in concert, is deliberate, willful and without any extenuating circumstances, and constitutes a knowing use of the KIA MARKS and an exceptional case within the meaning of the Lanham Act § 35, 15 U.S.C. § 1117. Plaintiffs are therefore entitled to recover three times the amount of their actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest from Defendants and each of them, individually, jointly and severally.

## THIRD CAUSE OF ACTION FOR TRADEMARK DILUTION
## (15 U.S.C. § 1125(c))
### Against All Defendants

39. Plaintiffs incorporate by reference all previous allegations as though fully set forth herein.

40. This cause of action arises under § 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

41. Prior to the acts of Defendants alleged herein, the KIA MARKS have become famous.

42. Defendants' use and threatened continued use of marks which are identical or nearly identical to the KIA MARKS causes dilution of the distinctive quality of the KIA MARKS.

43. The activities of Defendants and each of them are in violation of § 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

44. As a direct and proximate result of Defendants' illegal activities, Plaintiffs have suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at the time of trial.

45. Plaintiffs have no adequate remedy at law.

46. The wrongful use of the KIA MARKS by Defendants and each of them is deliberate, willful and without any extenuating circumstances, and constitutes a willful intent to trade on Kia's reputation or to cause dilution of the famous KIA MARKS and an exceptional

case within the meaning of the Lanham Act § 35, 15 U.S.C. § 1117. Plaintiffs are therefore entitled to recover three times the amount of their actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest from Defendants and each of them, individually, jointly and severally.

## FOURTH CAUSE OF ACTION

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

### (Common Law of North Carolina)

### Against All Defendants

47. Plaintiffs incorporate by reference all previous allegations as though fully set forth herein.

48. The acts of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the common law of North Carolina.

49. Defendants' use of the infringing KIA MARKS as described above has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the relationship or affiliation of the parties and the source, origin, or sponsorship of their respective products.

50. Defendants' use of the infringing KIA MARKS as described above has impaired, is impairing and, unless enjoined by this Court, will continue to impair Plaintiffs' reputation under the KIA MARKS and has caused, is causing and, unless enjoined by this Court, will continue to cause injury and damage to Plaintiffs for which Plaintiffs are entitled to relief under the common law.

51. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, Plaintiffs will continue to suffer injury and damage.

## FIFTH CAUSE OF ACTION

## DECEPTIVE TRADE PRACTICES

### (N.C. Gen. Stat. § 75-1.1.)

### Against All Defendants

52. Plaintiffs incorporate by reference all previous allegations as though fully set forth herein.

53. The acts of Defendants complained of herein constitute unfair and deceptive trade practices in violation of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1 *et seq.,* as they are intentional, likely to deceive and mislead the public, and Defendants have refused to resolve the matter with Plaintiffs.

54. Defendants' intentional and willful actions derive from and affect commerce.

55. Defendants' intentional and willful actions have proximately caused and will continue to cause irreparable damage to Plaintiffs.

56. Plaintiffs have no adequate remedy at law for Defendants' intentional and willful actions.

57. Defendants' intentional and willful actions, which are in direct violation of N.C.G.S. §§75-1.1, et. seq., entitles Plaintiffs to treble damages pursuant to N.C.G.S. §§ 75‑16.

58. Defendants' intentional and willful actions, as well as Defendants' unwarranted refusal to fully resolve the matter which constitutes the basis of this action, are in direct violation of N.C.G.S. §§75-1.1, et. seq., and entitles Plaintiffs to its attorneys' fees.

59. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and Plaintiffs have been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, Plaintiffs will continue to suffer injury and damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows against each and all of the Defendants, individually, jointly and severally:

(a) That this Court declare, adjudge, and decree that each Defendant's use of a copy, reproduction, counterfeit, simulation, or colorable imitation of the KIA MARKS or any of them constitutes registered trademark infringement and counterfeiting, federal trademark dilution, a violation of §43(a) of the Lanham Act, and trademark infringement, unfair competition and deceptive trade practices under the law of North Carolina;

(b) That this Court temporarily, preliminarily, and permanently enjoin and restrain each Defendant, its officers, directors, servants, employees, attorneys, agents, representatives, and distributors, and all other persons acting in concert or participation with such Defendant from:

  i. misrepresenting in any way the source of origin or the nature or quality of such Defendants' counterfeit goods;

  ii. making, manufacturing, importing, using, distributing, shipping, licensing, selling, developing, displaying, delivering, advertising and/or otherwise marketing or disposing of Defendants' counterfeit or grey market goods;

  iii. disposing of, destroying, moving, relocating or transferring any and all of any Defendant's counterfeit or grey market goods, as well as packaging and other items including advertising, promotion, drawings, transfers, brochures, catalogs, stationery, business forms, business cards, labels, stickers, etc. relating to any Defendants' counterfeit or grey market goods;

  iv. disposing of, destroying, moving, relocating or transferring any means for making labels, stickers, packages, discs or other items relating to any Defendants' counterfeit or grey market goods, or any packaging, discs, labels, stickers, stationery, business forms, and business cards relating to any Defendants' counterfeit or grey market goods or markings, including art work, screen-printing plates, dies, matrices, decals and any other equipment; and

    v.  disposing of, destroying, moving, relocating or transferring any documents pertaining to the importation, sale, receipt, promotion, advertising, distribution, and/or shipment of any Defendants' counterfeit or grey market goods;

  (c)  That this Court Order Defendants and each of them to recall any and all products and materials bearing, copying, reproducing, counterfeiting, or simulating the KIA MARKS or a colorable imitation thereof;

  (d)  That this Court Order Defendants and each of them to file with this Court and serve upon Plaintiffs within 30 days of being served with this Court's injunction issued in this action, a written report signed by each such Defendant under oath, setting forth in detail the manner in which such Defendants complied with the injunction;

  (e)  That this Court provide Plaintiffs with expedited discovery;

  (f)  That this Court preliminarily and permanently enjoin Defendants and each of them from further conduct which infringes the KIA MARKS;

  (g)  That this Court award Plaintiffs compensatory damages as provided by law;

  (h)  That this Court award Plaintiffs statutory damages as provided by law;

  (i)  That this Court award Plaintiffs enhanced and/or treble damages as provided by law;

  (j)  That this Court award Plaintiffs punitive damages as provided by law;

  (k)  award Plaintiffs restitution as provided by law;

  (l)  That this Court Order Defendants and each of them to account to Plaintiffs for all profits from each Defendants' infringement of KIA MARKS;

  (m)  That this Court award Plaintiffs their costs, disbursements, and attorneys' fees incurred in bringing this action;

  (n)  That this Court award Plaintiffs prejudgment interest as provided by law; and

  (o)  That this Court award Plaintiffs such other and further relief as this Court may deem just and proper.

- 13 -

Case 1:08-cv-00802-JAB-PTS  Document 1  Filed 10/31/08  Page 13 of 14

## JURY DEMAND

Plaintiffs Kia Motors Corporation and Kia Motors America, Inc., demand a jury trial on all issues so triable with respect to the claims asserted.

Respectfully submitted this 31st day of October, 2008.

TROUTMAN SANDERS LLP

/s/     Pankaj K. Shere
Pankaj K. Shere, Esq.
N.C. State Bar No. 30675
434 Fayetteville Street, Suite 1900
Raleigh, North Carolina 27601
Direct Dial: (919) 835-4138
Direct Fax: (919) 829-8706
Email:  pankaj.shere@troutmansanders.com

Attorneys for Plaintiffs
**KIA MOTORS CORPORATION** and
**KIA MOTORS AMERICA, INC.**

*Of Counsel*:
PAUL T. MARTIN (CAL. SBN 155367)
ORLANDO F. CABANDAY (CAL. SBN 168131)
SUSAN CLARY (CAL. SBN 84523)
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA  90292
Telephone:     (310) 305-2100
Facsimile:     (310) 305-2116
Email:  pmartin@hgla.com
        ocabanday@hgla.com
        sclary@hgla.com